UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GILDA KABBANI,

        Plaintiff,

    v.

COUNCIL HOUSE, INC.,

        Defendant.

Case No.  C05-1558L

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF

## I. INTRODUCTION

This matter comes before the Court on a motion for a preliminary injunction (Dkt. #2) filed by plaintiff Gilda Kabbani ("Kabbani").  Kabbani seeks to preliminarily enjoin defendant Council House, Inc.[1] from enforcing a provision in her lease requiring her to follow the "House Rules" for her apartment complex or face warnings and potential eviction.  The House Rules include a statement that "Rude or abusive behavior towards residents and staff for any reason, will not be tolerated."  Plaintiff argues that the rule,

---

[1] Pola Doenyas is no longer a plaintiff in this case according to plaintiff's amended complaint.  Kabbani has voluntarily dismissed her complaint as to defendant Council House Foundation.

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF- 1

and the potential of eviction for its violation, impinges on her First and Fourteenth Amendment rights. For the reasons set forth below, the Court denies preliminary injunctive relief.

## II.  DISCUSSION

**A.   Background.**

Plaintiff is a resident of the Council House Retirement Home ("Council House"). Council House is a 164 unit, twelve story apartment complex in Capitol Hill for residents age 62 and older. Council House is owned and managed by defendant Council House, Inc., a non-profit Washington corporation.

Council House participates in Section 8 of the United States Housing Act of 1937, as amended by the Housing and Community Development Act of 1974, a federal housing assistance program that offers rent subsidies for qualifying low income persons. The program is administered under the regulations and guidelines of the United States Department of Housing and Urban Development ("HUD").

Council House, Inc. is a private landlord. No state or local government entity pays any portion of the Section 8 tenants' rent. Instead, the federal government subsidizes the cost of rental housing for eligible individuals, including plaintiff. The vast majority of Council House residents do not receive federal housing assistance. The federal government is not involved in the day-to-day operation or management of Council House. Council House relies on private grants and gifts to make improvements to the building.

Council House complies with HUD's Model Lease. Supplemental Declaration of Elena Garella ("Supp. Garella Decl."), Ex. K-1. The Housing Authority for the City of

Bremerton[2] facilitated Council House's efforts to have its lease approved by HUD. Id. at Ex. L-1.

     Plaintiff moved into Council House in October 1998. At that time, she was required to sign a lease. Paragraph 14 of that lease states that the tenant agrees to obey the House Rules. Section G of the House Rules provides, "Rude or abusive behavior towards residents and staff for any reason, will not be tolerated. A warning will be issued for the first offense. Repeated offenses will subject resident to eviction." Declaration of Elena Luisa Garella ("Garella Decl."), Ex. B-2. On August 19, 2005, the manager of Council House, Stephen Mitchell, gave plaintiff a written warning that she could face eviction for failing to sign her new lease and for providing a key card to a guest she had allowed to stay with her for more than 30 days. The letter noted that it was the fourth warning she had received regarding her lease violations, and stated, "I must also remind you that calling the Council House Board Vice-President . . . and leaving a voice message that states that Council House is like Nazi Germany and that they should just 'Sell the G-d Damn building' is in poor taste and beyond what would be considered acceptable behavior." Garella Decl., Ex. F-1. On September 12, 2005, Council House warned plaintiff again that she had violated her lease by allowing a guest to stay with her for more than 30 days. Declaration of Stephen Mitchell ("Mitchell Decl."), Ex. A. In that letter, Council House also reminded plaintiff that if she failed to comply with the lease, she could receive a notice to comply or vacate. Council House has never given plaintiff a specific warning letter for violating House Rule G, and has never served her with a notice to comply or vacate.

---

[2] It is unclear why the Housing Authority for the City of Bremerton was working with Council House, which is located in Seattle.

Although Council House has not brought an action to evict plaintiff, she fears that she will be evicted if she violates House Rule G. She notes that Council House has brought eviction actions against two other tenants for violating the rule. She alleges that the Rule is an unconstitutional restriction on speech.

In her amended complaint, plaintiff seeks a declaratory judgment under 42 U.S.C. § 1983 that House Rule G violates her First and Fourteenth Amendment rights. She also seeks a declaratory judgment that House Rule G violates 42 U.S.C. § 1437d(l)(2) because it is not a reasonable lease rule. Finally, she argues that she will suffer irreparable harm if House Rule G is enforced against her, and seeks an injunction preventing defendant from enforcing the rule.

**B.    Standard and Irreparable Harm.**

In determining whether to grant a preliminary injunction, the Ninth Circuit considers: (1) the likelihood of plaintiff's success on the merits; (2) the possibility of irreparable injury to plaintiff if an injunction is not issued; (3) the extent to which the balance of hardships favors plaintiff; and (4) whether the public interest will be advanced by the injunction. See Miller v. California Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994); Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). The analysis is often compressed into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm. See, e.g., United States v. Odessa Union Warehouse Co-Op, 883 F.2d 172, 174 (9th Cir. 1987). Under this analysis, plaintiff may be entitled to preliminary relief if she is able to show either (1) probable success on the merits and the possibility of irreparable harm or (2) serious questions regarding the merits and the balance of hardships tips in her favor. Miller, 19 F.3d at 456; A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF- 4

Cir. 2001).

Regarding the alleged harm, a violation of an individual's First Amendment rights or the chilling of the exercise of those rights is a significant harm. In this case, however, Council House, Inc. has represented that it will not enforce House Rule G to restrict the content of tenants' protected speech.[3] Although a defendant's voluntary cessation of activity does not necessarily preclude the entry of a preliminary injunction, the Court finds that the representation substantially limits the likelihood that tenants will suffer irreparable harm from enforcement of the rule. The likelihood of injury is further reduced by the fact that House Rule G states that a "warning will be issued for the first offense," and only "[r]epeated offenses will subject resident to eviction." Although plaintiff disputes defendant's assertion that she has not been warned for violating the rule, defendant has explicitly made that representation in this litigation. It is therefore precluded from later asserting that plaintiff has been warned for violating House Rule G or for seeking to evict her for violating the rule without first warning her. Accordingly, the Court finds that plaintiff has shown only a slight possibility of irreparable harm, which must be weighed against plaintiff's likelihood of success.

**C.   State Action.**

The parties dispute whether the promulgation and enforcement of House Rule G is state action for purposes of implicating the protections of the United States Constitution. Not every private entity that provides Section 8 housing is a state actor. Instead, the

---

[3] While this motion was pending, Council House initiated a change to House Rule G in an attempt to ameliorate the First Amendment implications. (Dkt. #21). Although the change is not yet in effect and does not render this motion moot, it is another indication that Council House does not intend to enforce its House Rules to restrict tenants' protected speech.

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF- 5

inquiry is fact-specific, and the presence of state action is determined on a case-by-case basis. See, e.g., Burton v. Wilmington Parking Auth., 365 U.S. 715 (1961). The Supreme Court has explained that state action may be found only if there is such a "close nexus between the State and the challenged action" that seemingly private actions "may be fairly treated as that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 n.2 (1974). Courts have found that such a close nexus exists when, for example, a private entity is exercising powers "traditionally exclusively reserved to the state." Id. at 352. Although Council House, Inc. is assisting in the provision of low income housing, it is not performing a power exclusively "associated with sovereignty." Id. at 353. The provision of low income housing has never been the exclusive province of the government. See, e.g., Young v. Halle Hous. Ass'n, L.P., 152 F. Supp. 2d 355, 365 (S.D.N.Y. 2001) (distinguishing the provision of low income housing with public functions including education, voting, and medical services to prisoners).

  State action can also be found where the "State has so far insinuated itself into a position of interdependence with [a private entity] that it must be considered a joint participant in the challenged activity." Burton, 365 U.S. at 725. Plaintiff argues that Council House is a state actor because it "receives substantial money from HUD," it "is subject to voluminous federal regulations" including the grounds for eviction, it must obtain HUD approval of its leases, it has obtained that approval, and it has used state eviction procedures.[4] Plaintiff's Reply at pp. 6-7. These factors, however, are insufficient to constitute state action. Private conduct is not transformed into state action

---

[4] Plaintiff also alleges that Council House "is regulated by the Bremerton Housing Authority." Plaintiff's Reply at p. 7. In support of that statement, she refers to a letter from the Bremerton Housing Authority that is not properly authenticated and does not state that the Authority regulates Council House.

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF- 6

1  merely because of government funding, "no matter how extensive." Young, 152 F. Supp.
2  2d at 362.  Furthermore, "'the mere fact that a business is subject to state regulation does
3  not by itself convert its action into that of the state' Jackson, 419 U.S. at 351, unless the
4  private decision is 'compelled or even influenced by any state regulation.'" Id. (quoting
5  Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1961)).  Plaintiff does not allege that the
6  House Rules or their enforcement were compelled or influenced by state regulation, so
7  the Court considers whether the government has otherwise insinuated itself into a position
8  of interdependence with Council House.

9       In this case, unlike the cases on which plaintiff relies, the government is not
10 involved in the day to day operations of Council House, has not provided Council House
11 with any funding beyond the Section 8 rent subsidies, and has not engaged in "continuing
12 involvement in the construction and operation of the housing complex." See Carey v.
13 Edgewood Mgt. Corp., 754 A.2d 951, 957 (D.C. App. 2000) (finding no state action even
14 though apartment complex had been provided with a federally subsidized mortgage and
15 rent subsidy for plaintiff's apartment).[5]  Although Council House has used state eviction
16 procedures with other tenants, it has not used those procedures against plaintiff. Cf. Joy
17 v. Daniels, 479 F.2d 1236, 1239 (4th Cir. 1973) (finding state action where private
18 landlord received rent subsidies, mortgage benefits, and utilized state eviction procedures
19 against plaintiff).

20      Furthermore, the purpose of the state action requirement is "to assure that

---

[5] Cf. Appel v. Beyer, 39 Cal. App. 3d Supp. 7 (1974) (finding state action where housing projects were carried out with the joint participation of private enterprise and government; the court found that "[m]uch of the daily function and involvement of the traditional landlord has been transferred, in federally assisted projects, from the landlord to the FHA as the supervising agency").

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF- 7

constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (emphasis in original). Therefore, "the crucial relationship for a finding of state action is between the governmental entity and the action taken by the private entity, not the [relationship] between the governmental entity and the private actor." Young, 152 F. Supp. 2d at 362 (finding no state action because even though private landlord received government funding and was required to comply with regulations, no government entity had any involvement with the challenged overnight guest rule); see also Jackson, 419 U.S. at 358 (finding the fact that a private utility was heavily regulated, enjoyed a partial monopoly and elected to terminate electrical services in a manner consistent with state law was "not sufficient to connect the State of Pennsylvania with respondent's action so as to make the latter's conduct attributable to the State"). As in Young, there is no evidence in this case that any government entity had any role in the promulgation or enforcement of the House Rules. Instead, the House Rules are enforced by Council House manager Stephen Mitchell, who has the "ultimate authority" to make decisions regarding tenant evictions.[6] Plaintiff's Motion at p. 3. There is also no evidence that any government entity was aware of or approved the House Rules. In light of these facts, the Court finds that plaintiff has not shown a likelihood of success on the merits because of the absence of state action.

---

[6] The amount of discretion vested with Council House's staff to make decisions regarding the enforcement of the House Rules and evictions makes this case similar to Blum v. Yaretsky, in which the Supreme Court found no state action where plaintiffs challenged a physician's discretionary decision. 457 U.S. at 1003-05 (finding that no state action existed because the decision to recommend a reduction in the level of care for a nursing home resident was within the discretion of the treating physician and not compelled by government regulations).

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF- 8

1 **D.    Statutory Violation.**

2      Plaintiff alleges that even if Council House, Inc. is not a state actor, it can
3 nevertheless be enjoined because it is bound by 42 U.S.C. § 1437d(l)(2),[7] which plaintiff
4 argues "prohibits unreasonable lease terms in HUD-subsidized leases." Plaintiff's Reply
5 at p. 5. The statute, however, is not as broadly applicable as plaintiff alleges. Instead, it
6 states, "Each *public housing agency* shall utilize leases which . . . (2) do not contain
7 unreasonable terms and conditions." 42 U.S.C. § 1437d(l)(2) (emphasis added).
8 According to the implementing regulations, a public housing agency "means any State,
9 county, municipality, or other governmental entity or public body, or agency or
10 instrumentality of these entities, that is authorized to engage or assist in the development
11 or operation of low-income housing under the 1937 Act." 24 C.F.R. § 5.100.

12     Based on the regulatory definition and the plain language of the statute, the
13 statutory provision on which plaintiff relies does not appear to create obligations
14 enforceable against private entities. Furthermore, plaintiff has not cited any authority to
15 show otherwise. In the few cases that have applied the statute, the defendant was a
16 public housing agency. See, e.g., Perry v. Hous. Auth. of Charleston, 664 F.2d 1210,
17 1213 (4th Cir. 1981) (finding that the legislative history of the Housing Act "indicates no
18 intention to create . . . a federal remedy in favor of tenants but does indicate quite clearly

---

[7] In addition to asserting a statutory claim, plaintiff also asserts a claim under 42 U.S.C. § 1983 based on a violation of the statute. As set forth above, Council House, Inc. is not a state actor; for the same reasons, its actions were not performed under color of state law for purposes of a Section 1983 action. See, e.g., Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 n.2 (2001) ("If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of sate law' for § 1983 purposes") (internal citation omitted).

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF- 9

the intention to place control of and responsibility for those housing projects in the local Housing Authorities").[8]

These factors compel the conclusion that plaintiff cannot assert a statutory cause of action against a private entity like Council House, Inc. Accordingly, she has not shown a likelihood of success on her statutory claim. Because plaintiff has not shown a likelihood of success on her claims, a preliminary injunction is not warranted.

## III. CONCLUSION

Plaintiff has failed to carry her burden, and the Court therefore DENIES the motion for preliminary injunctive relief (Dkt. #2).

DATED this 29th day of November, 2005.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[8] See also Farley v. Philadelphia Hous. Auth., 102 F.3d 697 (3rd Cir. 1996); Imes v. Philadelphia Hous. Auth., 928 F. Supp. 526 (E.D. Pa. 1996). Even courts that have questioned Perry's holding that Section 1437d does not create a private cause of action for tenants have not addressed whether it creates a private cause of action against a private landlord. See Concerned Tenants Ass'n v. Pierce, 685 F. Supp. 316 (D. Conn. 1988) (noting that a private cause of action existed against the local housing authority to enforce Section 1437d).

ORDER DENYING PRELIMINARY
INJUNCTIVE RELIEF- 10